NOT DESIGNATED FOR PUBLICATION

**STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT**

**12-10**

**THEODORE S. CARMICHAEL, ET AL.**

**VERSUS**

**THE BASS PARTNERSHIP AND BOPCO, L.P., ET AL.**

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF ACADIA, NO. 84,484
HONORABLE JOHN D. TRAHAN, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

**ON REHEARING**

**\*\*\*\*\*\*\*\*\*\***

**JIMMIE C. PETERS
JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Oswald A. Decuir, Jimmie C. Peters, and J. David Painter, Judges.

**REVERSED AND REMANDED.**

**Nancy Scott Degan
Roy Clifton Cheatwood
Adam Bennett Zuckerman
Baker, Donelson, Bearman
201 St. Charles Ave., #3600
New Orleans, LA 70170
(504) 566-5200
COUNSEL FOR DEFENDANT/APPELLEE:
    Samson Resources Co.**

**Guy Earl Wall**
**Paul Edward Bullington**
**Jonathan R. Cook**
**Wall, Bullington & Cook, LLC**
**540 Elmwood Park Blvd**
**New Orleans, LA 70123**
**(504) 736-0347**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
     **BOPCO, L.P.**
     **The Bass Partnership**

**Gerald Francis Slattery, Jr.**
**David Stephen Landry**
**Colleen Carr Jarrott**
**Schully, Roberts, Slattery**
**1100 Poydras St., Ste 1800**
**New Orleans, LA 70163**
**(504) 585-7800**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **Continental Land & Fur Company**

**David Lyman Browne**
**Attorney at Law**
**650 Poydras St., Suite 2150**
**New Orleans, LA 70130**
**(504) 648-0171**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **Torch Energy Services, Inc.**

**PETERS, J.**

We granted a rehearing in this matter to, for the moment, resolve the problems created by conflicting decisions from this court which are also in conflict with the decision of the trial court. The trial court issued summary judgments in favor of two separate litigants against the Bass Partnership and BOPCO, L.P. (collectively referred to in the original opinion and in this rehearing opinion as Bass). Both summary judgments involved the interpretation of an indemnification clause in a contract assigning certain oil, gas, and mineral leases to Bass on land in Acadia Parish, Louisiana.

The litigation arose because the landowners of the leased property brought an action against a number of defendants for restoration damages associated with a well which had ceased production. These defendants filed cross claims against each other with each asserting that the contractual assignment of the mineral rights provided that another party owed indemnification for the costs of restoration. In separate judgments, the trial court granted summary judgment in favor of Harry H. Cullen and Continental Land & Fur Company, Inc. (Continental), finding that the contract documents were not ambiguous and that Bass owed these two parties full indemnification for the amounts that they had incurred in resolving the claims of the landowners. These judgments are identical in every respect except for the names of the separate successful litigants.

Bass separately appealed these judgments, and, without having been consolidated for appeal purposes, the appeals were assigned by random allotment to two separate panels of this court meeting in different cycles of the court's calendar. The first panel heard the appeal of the judgment in favor of Mr. Cullen in the January cycle of the court, and, on February 1, 2012, it issued an opinion wherein it reversed the trial court's grant of summary judgment in favor of Mr.

Cullen and remanded the matter to the trial court for further proceedings. *Carmichael v. The Bass Partnership*, 11-845, 11-669 (La.App. 3 Cir. 2/1/12), ____ So.3d ____. In reversing the trial court judgment, the panel concluded that the contract documents were ambiguous and that there remained genuine issues of material fact which precluded the grant of a summary judgment.

On March 1, 2012, the litigants in this appeal filed a joint motion requesting that the panel, to which this appeal had been assigned, ignore its obligation to consider the issues before it and render a judgment in the form provided by the parties wherein this panel would simply adopt, without further review, the opinion of the panel in the Cullen appeal. Finding that to be an improper action by a reviewing court, this panel proceeded to independently consider the issues before us in the second appeal. In doing so, this panel reached a completely different result from the Cullen panel. This panel concluded that the contract documents were not ambiguous, but unlike the trial court, we concluded that the documents provided for a prorated sharing of the expenses of restoration.

Both litigants requested a rehearing, or in the alternative, an *en banc* hearing to resolve the conflict within the circuit. In doing so, the litigants suggested that the two conflicting opinions of this court, rendered in this preliminary stage of the litigation, has placed the trial court in the position of being unable to comply with both. We have to agree.

At this preliminary stage of the litigation, seven judges have arrived at three judgments on the same issue, and these judgments cannot be reconciled. Acting under the authority of La.Code Civ.P. art. 2164, we find that in the interest of justice, the appropriate judgment that would be "just, legal, and proper upon the record on appeal" is to conclude that the very situation before us would require a

2

finding that there may exist genuine issues of material fact that can best be addressed at a trial on the merits. We reach this decision because, while we do not abandon our analysis of the issues before us, we have to recognize that a rational trier of fact and three other reviewing judges can reach a totally different result. While an *en banc* review might resolve the issue, we conclude that a full trial on the merits where the litigants have the opportunity to present evidence on every issue now raised, as well as those that may be raised, would result in a record better suited for final review than the preliminary record now before us.

That being the case, we vacate the holding in our opinion rendered on May 2, 2012, and render judgment reversing the trial court judgment rendered in favor of Continental Land & Fur Company, Inc. against Bass Partnership and BOPCO, L.P., which found that Bass Partnership and BOPCO, L.P. owed defense and indemnification to Continental Land & Fur Company, Inc. While we do not affirm the trial court's rejection of the summary judgment filed by Bass Partnership and BOPCO, L.P. against Continental Land & Fur Company, Inc., for the reasons set forth herein, we decline to grant Bass Partnership and BOPCO, L.P. the relief it sought in that motion for summary judgment. We remand the matter to the trial court for a trial on the defense and indemnification issues raised in the litigation.

**REVERSED AND REMANDED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3.